Van Brunt, P. J.
The objections to the title herein relate, first, to the fact that certain persons, who might have an interest in the real estate sought to be partitioned were not made parties to the action, and secdndly, to alleged irregularities in the proceedings as to the ascertainment of liens.
In view of the fact that any one of the parties if they had become residents of the United States and filed their declaration of an intention to become citizens might have had an interest in this property, it does not seem that the simple affidavit of the plaintiff in the action, positive as it is, should be sufficient, in order to place the purchaser in that position of security as to the alienage of the persons not made parties to the action to which he is entitled, in order that the title which he is to be required to take should be free from doubt.
In the first place the affiant is the plaintiff in the action, and in the second, how he knew the facts to which he was deposing is not stated in the affidavit.
It is true that the counsel for the respondent alleges upon the argument that more ample proof upon this point exists, but it does not appear upon this record, and it is not before the court upon this appeal.
It would, therefore, seem proper that an opportunity should be given to the respondent to furnish this additional evidence and that the purchaser might have the benefit thereof.
There should, therefore, be ah order of reference to take the proof which inay be offered by either of the parties upon the question of alienage of the parties not made defendants to a referee to report such proof with his opinion thereon.
The objection as to the failure to advertise for liens pursuant to the provisions of the Code is not fatal to the regularity of the judgment. None of the parties to the action are objecting, and there is no proof that there were any Hens or rights of creditors, which have in any way been affected by the failure to advertise for liens as prescribed by the Code. The court had a right to waive these conditions and did so in the final judgment, which was subsequently entered.
It is urged that this was not a compliance with the requirements of the Code, but as the court might at any stage of the proceedings make an order nvvc pro tune, amending the order of reference, there seems to be no sufficient reason for concluding that the subsequent waiver of the condition would not be equally effective.
*935 Although it appears that the purchaser has made all" the necessary searches, it does not appear that there are any liens, which in any way affect the title of the purchaser, which could possibly have been brought forward in answer to the advertisement had it been published.
"We think, therefore, that an order of reference should be entered as above-suggested, and upon the coming in of the report thereon, a final order can be made.
Brady and Daniels, JJ., concur.